IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL PRINGLE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:15-cv-1455-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Movant Michael Pringle ("Pringle")'s motion for leave to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 "in light of" *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Dkt. No. 7] should be denied.

**Background**

After the United States filed its response in opposition to the Section 2255 motion [Dkt. No. 6] on July 7, 2015, the Court received and docketed, on July 16, 2015, Pringle's undated motion for leave to amend the Section 2255 motion "in light of" *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court recently held "that imposing an increased sentence under the residual clause of

-1-

the Armed Career Criminal Act[ – the "ACCA" – ]violates the Constitution's guarantee of due process," *id.* at 2563; *see id.* at 2555-56 (the residual clause defines a "violent felony" as 'any crime punishable by imprisonment for a term exceeding one year ... that – ... *otherwise involves conduct that presents a serious potential risk of physical injury to another*.'" (quoting 18 U.S.C. § 924(e)(2)(B)(ii)) (emphasis added by the Supreme Court)).

Using the date that the Court received Pringle's motion for leave to amend, his proposed amendment is not untimely considering that the United States Court of Appeals for the Fifth Circuit issued, as mandate, an order granting the government's motion to dismiss Pringle's criminal appeal on May 28, 2014. *See United States v. Pringle*, No. 3:12-cr-316-L (N.D. Tex.), Dkt. No. 94; *see also* 28 U.S.C. § 2255(f)(1); *Clay v. Johnson*, 537 U.S. 522 (2003).

The government has filed a response in opposition. *See* Dkt. No. 9. Pringle has filed a reply in support. *See* Dkt. No. 13. And the undersigned now concludes that the Court should deny the motion for leave to amend the Section 2255 motion.

**Legal Standards**

Generally, the Federal Rules of Civil Procedure – specifically, Federal Rule of Civil Procedure 15 – apply to Section 2255 proceedings. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS RULE 12; *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002); *see also Blanton v. United States*, Nos. 3:12-cv-5077-L-BH & 3:10-cr-0237-L (01), 2013 WL 6009949, at *1 (N.D. Tex. Sept. 30, 2013), *rec. adopted*, 2013 WL 6003482 (N.D. Tex. Nov. 13, 2013) ("Because movant's proposed supplemental brief seeks to

raise new arguments based on a recent Supreme Court case, it is liberally construed as a motion for leave to amend his § 2255 motion." (applying Rule 15)).

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). But granting leave to amend "'is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).

In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases). And "'a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (internal quotation marks omitted).

## Analysis

Leave to amend should be denied because, even if it is ultimately determined that (1) *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction and (2) *Johnson*'s holding as to what is a "violent felony" under the residual clause of the ACCA also

applies to what is a "crime of violence" under the residual clause of the career offender enhancement in the United States Sentencing Guidelines (the "USSG"), *Johnson*'s holding affords Pringle no relief.

Pringle was not sentenced under the ACCA. Instead, his sentence was enhanced because the Court found him to be a career offender under the USSG. The career offender provisions of USSG § 4B1.1 apply if (1) a defendant was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is a crime of violence – here, aiding and abetting bank robbery; and (3) a defendant has at least two prior felony convictions for crimes of violence.

Like the ACCA, the USSG's career offender provisions also contain a residual clause. *See* U.S.S.G. § 4B1.2(a)(2).

> The Guidelines Section 4B1.1 career offender sentencing enhancement requires a defendant convicted of a crime of violence or controlled substance offense to have at least two prior felony convictions for either a "crime of violence" or a controlled substance offense. Section 4B1.2 defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. The italicized clause is what is referred to as the "residual clause."

*Bishop v. Cross*, No. 15-cv-00854-DRH, 2015 WL 5121438, at *1 (S.D. Ill. Aug. 31, 2015) (quoting USSG § 4B1.2(a)(2)); *see also* U.S.S.G. § 4B1.2, cmt. (n.1) (application note 1 in the official commentary states that "'[c]rime of violence' includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.").

As the court in *Bishop* noted, the United States Court of Appeals for the Seventh Circuit – the only federal court of appeals to so far conclude "that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction," *id.* at *2 (citing *Price v. United States*, 795 F.3d 731 (7th Cir. 2015) – has stated, in dicta, that it is that court of appeals's "'assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well' – leaving decision of the issue for another day," *id.* (quoting *Ramirez v. United States*, ___ F.3d ____, No. 13-3889, 2015 WL 5011965, at *9 (7th Cir. Aug. 25, 2015)).

Similarly, the United States Court of Appeals for the Fifth Circuit has recognized that its "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence." *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.' *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2). Moreover, we generally treat cases dealing with the career offender guideline 'interchangeably' with cases dealing with the ACCA. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).").

Regardless of whether the holding of *Johnson* applies to the Guidelines definition of a "crime of violence," *Johnson*'s holding is limited to the residual clause itself. *See* 135 S. Ct. at 2563 ("Today's decision[, invalidating the ACCA's residual clause,] does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Here, however,

the two predicate offenses on which the Court relied to find that Pringle is a career offender under the Guidelines were a burglary of a habitation (Cause No. F-9637071, Dallas Cnty. Crim. Dist. Ct. No 2) and an attempted burglary of a habitation (Cause No. F-0175402, 283rd Judicial Dist. Ct. of Dallas Cnty., Tex.). *See United States v. Pringle*, No. 3:12-cr-316-L (N.D. Tex.), Dkt. No. 61-1 (presentence report), ¶¶ 31, 38, & 42; *see also* Dkt. No. 90 (sentencing transcript) at 5-9 & 17.

Burglary of a habitation, under Texas Penal Code Section 30.02(a)(1) "'is considered a crime of violence'" and "is equivalent to the enumerated offense 'burglary of a dwelling.'" *United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005) (concluding that "the prior conviction for burglary of a habitation is an enumerated offense"). As to the attempted burglary of a habitation conviction, "application note 1 in the official commentary to § 4B1.2 specifies that '[t]he term [ ] "crime of violence" ... include[s] the offense[ ] of ... attempting to commit such offense[ ].'" *United States v. Guerra*, 962 F.2d 484, 485 (5th Cir. 1992) (quoting U.S.S.G. § 4B1.2, cmt. (n.1)); *see id.*, ("The guideline specifically designates 'burglary of a dwelling' as an eligible predicate offense for enhancement, and the commentary states that the term 'crime of violence' includes attempts to commit the offenses enumerated in the guideline." (citation omitted)). As to the attempted burglary conviction, moreover, the Court made clear its reliance on *Guerra* at sentencing. *See* Dkt. No. 90 at 10:16-18 ("*Guerra* clearly states or holds that attempted burglary of a habitation is a crime of violence for purposes of sentencing enhancement."); *id.* at 17:16-20 ("The Court also has made a determination that attempted burglary of a habitation was a crime of violence and the Court also

stated that it relied on the *Guerra* case which was decided by the Fifth Circuit in 1992.").

Accordingly, because the Court relied on convictions for offenses that are enumerated as "crimes of violence" under USSG § 4B1.1, the residual clause of that section was not implicated. Thus, even if *Johnson*'s holding was found to be applicable to Section 2255 cases brought by defendants sentenced as career offenders under the Guidelines, a claim pursuant to *Johnson* in this particular case "would be subject to dismissal," and, thus, leave to amend is futile. *Varela*, 773 F.3d at 707.

## Recommendation

The Court should deny the motion for leave to amend the Section 2255 motion [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

  DATED: October 5, 2015

                _____
                DAVID L. HORAN
                UNITED STATES MAGISTRATE JUDGE