IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL PRINGLE, | § | |
| Movant, | § § § | |
| V. | § | No. 3:15-cv-1455-L-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

Movant Michael Pringle has filed a notice of interlocutory appeal of the Court's order denying his motion for leave to amend his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, filed "in light of" *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. Nos. 7, 14-18, & 20. Pringle now moves for leave to appeal (interlocutory) *in forma pauperis* ("IFP"). *See* Dkt. No. 23. For the reasons explained below, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the motion for leave to appeal IFP.

**Legal Standards and Analysis**

While "[t]here is no docketing fee for an application for an interlocutory appeal under 28 U.S.C. § 1292(b) or other petition for permission to appeal under [Federal

Rule Appellate Procedure] 5, unless the appeal is allowed," 28 U.S.C. § 1913, here, Pringle has filed a notice of interlocutory appeal without requesting certification under Section 1292(b). Therefore, as to determination of the motion for leave to proceed IFP on appeal, 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) appear to govern. *See, e.g.*, *Taylor v. Dretke*, No. Civ.A. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003).

Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3) [concerning, unlike here, a party previously permitted to proceed *in forma pauperis*], a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, "[a] movant who seeks authorization to proceed IFP

on appeal must demonstrate that he is a pauper and that his appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge*, 369 U.S. at 445; *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

In this case, Movant previously sought "clarification to make certain that the interlocutory appeal that [he] filed ... halts [his] § 2255 proceedings until a decision is reached on his appeal, or[, rather,] does [he] need to respond to the government's response to [his] § 2255 by December 28, 2015." Dkt. No. 21 at 1-2.

And, because Movant is proceeding *pro se*, the Court previously advised him

> that the order denying leave to amend does not appear to "constitute[] a final 'collateral order' conferring interlocutory jurisdiction on" the United States Court of Appeals for the Fifth Circuit. *McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010) (per curiam) (citing *Will v. Hallock*, 546 U.S. 345, 349 (2006) (defining an appealable "collateral order" as an order that conclusively determines an important issue that is separate from the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment)); *see Wells v. South Main Bank*, 532 F.2d 1005, 1005-06 (5th Cir. 1976) (per curiam) (holding

that the denial of motion to amend complaint to advance additional claims and join new defendants not appealable); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 650-51 (2d Cir. 1987) (concluding that interlocutory appeal of an order denying leave to amend to add a jury demand "must be dismissed" for lack of jurisdiction).

An "improper interlocutory appeal does not divest the district court of jurisdiction over the case." *United States v. Bonneau*, 490 F. App'x 60, 61 (9th Cir. 2012) (citing *Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.")).

Dkt. No. 22 at 2-3.

Particularly in light of the previous order, the undersigned recommends that the motion for leave to pursue an interlocutory appeal IFP be denied "[b]ecause no reasonable person could conclude that an immediate appeal is warranted in this case." *Brown v. Hackbarth*, No. 09-C-0519, 2010 WL 3810857, at *1 (E.D. Wis. Sept. 24, 2010) (denying motion for leave to appeal IFP where, like here, the interlocutory appeal was noticed prior to requesting certification under Section 1292(b)); *cf. McGrew v. Roundtree*, 385 F. App'x 406, 406 (5th Cir. 2010) (per curiam) (denying motion for leave to appeal IFP after noting that the court of appeals "lacks jurisdiction over the denial of McGrew's request for a temporary restraining order" (citation omitted)).

**Recommendation**

The Court should deny the motion for leave to appeal IFP and certify, pursuant to Section 1915(a)(3), that the interlocutory appeal is not taken in good faith. And, should the Court accept this recommendation, the Court also should advise Movant

that, although this Court has certified that the appeal is not taken in good faith, Movant may challenge that finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of any order adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 21, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE