IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL PRINGLE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:15-cv-1455-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Michael Pringle, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, initially asserting that he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal. *See* Dkt. No. 2. His motion has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Court granted Pringle leave to amend his Section 2255 motion to assert a claim under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). *See* Dkt. Nos. 33 & 34. This action was then stayed and administratively closed pending the Supreme Court of the United States's determination whether *Johnson* should be extended to the advisory sentencing guidelines. *See* Dkt. Nos. 35 & 36. And, before that determination was made, Pringle again moved to amend his motion to add a claim based on *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016), *see* Dkt. No. 37,

a motion the Court granted because, at that time, it was neither clear whether *Johnson* applied to the Guidelines nor clear whether, after *Mathis*, the state offenses at issue continued to fit within the advisory sentencing guidelines' relevant definition of a crime of violence, *see* Dkt. No. 38.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should reopen this administratively closed action and deny the Section 2255 motion as amended.

## Applicable Background

Pringle was convicted of bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2, and he was sentenced to 156 months of imprisonment. *See United States v. Pringle*, No. 3:12-cr-316-L (02) (N.D. Tex.). His direct appeal was dismissed on the government's motion. *See United States v. Pringle*, No. 13-11104 (5th Cir. May 28, 2014) (per curiam). And this action is timely. *See* 28 U.S.C. § 2255(f)(1).

## Legal Standards and Analysis

### *Johnson* and *Beckles*

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures

by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1265 (2016).

But Pringle did not receive an increased sentence under the ACCA's residual clause. Instead, his sentence under the advisory guidelines was enhanced because he was determined to be a career offender under U.S.S.G. § 4B1.1 based on prior Texas convictions for burglary of a habitation and attempted burglary of a habitation. *See* No. 3:12-cr-316-L (02), Dkt. No. 61-1 at 7, ¶ 31.

"Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ____, 137 S. Ct. 886, 892 (2017) (concluding, squarely applicable to Pringle's *Johnson*-based claim, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness"); *cf. Ellis v. United States*, Nos. 1:09-cr-00103-JAW & 1:16-cv-00003-JAW, 2017 WL 972092, at *1-*2 (D. Me. Mar. 10, 2017) ("Petitioner maintains he is entitled to relief under *Johnson* because two Maine burglary convictions used by the Court to enhance his sentence pursuant to U.S.S.G. § 2K2.1(a)(1) are no longer violent crimes.... *Johnson*, however, does not apply to sentences enhanced under the guidelines." (citing *Beckles*; footnote omitted)).

*Johnson* therefore is not applicable here.

*Mathis*

Related to his *Johnson* claim, Pringle also claims that, following *Mathis*, Texas burglary and attempted burglary, used to enhance his Guidelines sentence, no longer fit within the Guidelines' relevant definition of a crime of violence, *i.e.,* generic burglary. *See* Dkt. No. 37.

> [*Mathis*] resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws.... *Mathis* held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016).

> The modified categorical approach may only be applied where a statute is "divisible" – that is, the statute "'sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile.'" *United States v. Hinkle*, 832 F.3d 569, 573 (5th Cir. 2016) (quoting *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)). Under this approach, "a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense." *Gomez-Perez*, 829 F.3d at 326; *see also Descamps*, 133 S. Ct. at 2281 ("If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

*Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017).

The undersigned first notes that, unlike *Johnson*, it does not appear that *Mathis*

is a substantive decision that applies retroactively to cases on collateral review. While, in the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity," *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)), "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent," *United States v. Taylor*, ___ F. App'x ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the same conclusion" (collecting cases)); *accord Sanchez-Sanchez*, 2017 WL 477314, at *2.[1]

Furthermore, the United States Court of Appeals for the Fifth Circuit, applying the framework set out in *Mathis*, has determined that Texas's burglary statute, Texas Penal Code § 30.02(a), remains divisible – and therefore certain burglaries and attempted burglaries committed in violation of that statute continue to match the

---

[1] *See also Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, a "savings clause"-based Section 2241 petition); *United States v. Hamilton*, ___ F. Supp. 3d ___, No. 06-CR-188-TCK, 2017 WL 368512, at *4 (N.D. Okla. Jan. 25, 2017) ("*Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. Therefore, *Mathis* would not entitle a defendant originally sentenced under the [ACCA's] enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach." (citation omitted)); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of constitutional law." (citation omitted)).

generic offense of burglary of a dwelling. After the Court granted Pringle leave to add his *Mathis*-based claim, the Supreme Court denied certiorari review of Fifth Circuit's decision. *See United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, ___ S. Ct. ___, No. 16-7969, 2017 WL 661924 (U.S. Mar. 20, 2017).

So, even if *Mathis*, standing alone, was retroactively applicable, it would not benefit Pringle.

### *Strickland*

Turning to Pringle's original claims, he contends that trial and appellate counsel both denied him his Sixth Amendment right to effective assistance because counsel failed to challenge the sentencing enhancement based on the Texas burglary and attempted burglary convictions.

The Court reviews ineffective-assistance-of-counsel claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that

-6-

> counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

Although Pringle pleaded guilty, because his Sixth Amendment assertions solely concern sentencing, the Court should consider the prejudice prong under *Strickland*, as opposed to *Hill v. Lockhart*, 474 U.S. 52 (1985). To demonstrate prejudice, then, Pringle "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely'

the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

To start, as to the attempted burglary of a habitation conviction, "application note 1 in the official commentary to § 4B1.2 specifies that '[t]he term ... "crime of violence" ... include[s] the offense[ ] of ... attempting to commit such offense.'" *United States v. Guerra*, 962 F.2d 484, 485 (5th Cir. 1992) (quoting U.S.S.G. § 4B1.2, cmt. (n.1)); *see id.*, ("The guideline specifically designates 'burglary of a dwelling' as an eligible predicate offense for enhancement, and the commentary states that the term 'crime of violence' includes attempts to commit the offenses enumerated in the guideline." (citation omitted)). As to the attempted burglary conviction, moreover, the Court made clear its reliance on *Guerra* at sentencing. *See, e.g.*, No. 3:12-cr-316-L (02), Dkt. No. 90 at 17:16-20 ("The Court also has made a determination that attempted burglary of a habitation was a crime of violence and the Court also stated that it relied on the *Guerra* case which was decided by the Fifth Circuit in 1992.").

> Prior to *Mathis*, the Fifth Circuit
>
> held that under the modified categorical approach, Texas Penal Code § 30.02(a) is a divisible statute, and that § 30.02(a)(1) matches the generic definition of "burglary of a dwelling" because it comprises the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."

*Uribe*, 838 F.3d at 669 (quoting *United States v. Murillo-Lopez*, 444 F.3d 337, 341 (5th Cir. 2006) (in turn quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990))).

Therefore, prior to *Mathis*, Subsection 30.02(a)(1) clearly fell "within the guidelines' relevant definition of a crime of violence." *Uribe*, 838 F.3d at 670 (citing *United States v. Conde-Castaneda*, 753 F.3d 172, 175-79 (5th Cir. 2014)). And that remains true after *Mathis* – "[b]ecause the predicate statute is elements-based, it is divisible and the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of [a defendant's] conviction." *Id.* at 671 (citing *Mathis*, 136 S. Ct. at 2249).

Pringle, like Uribe, "confessed to violating § 30.02(a)(1) and (a)(3), and he was convicted under § 30.02(a)." *Id.*; *see* No. 3:12-cr-316-L (02), Dkt. No. 61-1 at 22-23 & Dkt. No. 65.

> In applying the modified categorical approach, [Pringle's] conviction[s] must be compared with the generic offense of burglary. [*Mathis*, 136 S. Ct. At 2249. Pringle] confessed to knowingly entering [or attempting to enter] the victim[s'] habitation[s] with the intent to commit felony theft. This was sufficient to constitute a violation of § 30.02(a)(1), which aligns with the generic offense of burglary, and constitutes a "burglary of a dwelling" under the Sentencing Guidelines. *Conde-Castaneda*, 753 F.3d at 176.

*Uribe*, 838 F.3d at 671.

The enhancement based on the Texas's burglary and attempted burglary was therefore proper. And, for that reason, the Court should not find counsel constitutionally ineffective for failing to challenge that enhancement. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice

does not issue from, failure to raise a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990))).

## Recommendation

The Court should reopen this administratively closed action and deny the Section 2255 motion as amended.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 24, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE