IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL PRINGLE, § | | |
| § | | |
| Movant, § | | |
| § | | |
| V. § | No. 3:15-cv-1455-L-BN | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Michael Pringle, a federal prisoner proceeding *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence that initially asserted that he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal and was later amended to add claims implicating *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016). *See* Dkt. Nos. 2, 33, 34, 37, & 38.

On May 24, 2017, the undersigned United States magistrate judge entered findings and conclusions recommending that Pringle's Section 2255 motion as amended be denied, a recommendation that the Court accepted over Pringle's objections. *See Pringle v. United States*, No. 3:15-cv-1455-L-BN, 2017 WL 3616645 (N.D. Tex. May 24, 2017), *rec. accepted*, 2017 WL 3601908 (N.D. Tex. Aug. 22, 2017).

Although this Court denied Pringle a certificate of appealability and leave to proceed *in forma pauperis* on appeal, *see* Dkt. No. 41, he is currently challenging both determinations in the United States Court of Appeals for the Fifth Circuit, *see United*

*States v. Pringle*, No. 17-11323 (5th Cir.).

Despite the pendency of this appeal, Pringle now moves the Court to vacate its August 22, 2017 judgment under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 52. United States District Judge Sam A. Lindsay has referred this motion to the undersigned for hearing, if necessary, and to submit proposed findings and recommendations. *See* Dkt. No. 53. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny that motion.

## Applicable Background

Pringle was convicted of bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2, and he was sentenced to 156 months of imprisonment. *See United States v. Pringle*, No. 3:12-cr-316-L (02) (N.D. Tex.). That sentence under the advisory Guidelines was enhanced because the Court determined Pringle to be a career offender under U.S.S.G. § 4B1.1 based on his prior Texas convictions for burglary of a habitation and attempted burglary of a habitation. *See id.*, Dkt. No. 61-1 at 7, ¶ 31; *see also United States v. Guerra*, 962 F.2d 484, 485 (5th Cir. 1992) ("The guideline specifically designates 'burglary of a dwelling' as an eligible predicate offense for enhancement, and the commentary states that the term 'crime of violence' includes attempts to commit the offenses enumerated in the guideline." (citation omitted)).

His direct appeal was dismissed on the government's motion. *See United States v. Pringle*, No. 13-11104 (5th Cir. May 28, 2014) (per curiam).

The thrust of Pringle's Rule 60(b)(6) motion is that this Court erred by applying *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), then controlling precedent in this

circuit that held that, even after *Mathis*, Texas's burglary statute, Texas Penal Code § 30.02(a), remained divisible – and therefore certain burglaries and attempted burglaries committed in violation of that statute continued to match the generic offense of burglary of a dwelling. And Pringle is correct that after entry of judgment in this case, the Fifth Circuit overturned *Uribe*, in *United States v. Herrold*, 883 F.3d 517, 521 (5th Cir. 2018) (en banc) (*Herrold II*).

Pringle alternatively requests relief under Rule 60(b)(3), arguing that the government misrepresented the nature of his prior state convictions.

## Legal Standards and Analysis

I.  <u>Jurisdiction</u>

The undersigned first concludes that the Court has jurisdiction to consider the Rule 60(b) motion. "In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the [United States] Supreme Court stated that a Rule 60(b) motion does not contain a habeas corpus 'claim,' and thus should not be construed as a successive petition, when the motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (quoting *Gonzalez*, 545 U.S. at 532). "While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id.* (collecting cases); *see, e.g.*, *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more

-3-

substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)). And Pringle clearly asserts here that the characterization (by the government) and consideration (by the Court) of his prior state convictions in this proceeding was defective.

II.  Rule 60(b)(6)

Rule 60(b) provides generally that the Court may relieve a party from a final judgment, order, or proceeding in the event of obvious error such as mistake or inadvertence, newly discovered evidence, or fraud. *See* FED. R. CIV. P. 60(b)(1)-(3). Rule 60(b)(6), often referred to as the "catchall" provision, also permits the court to relieve a party from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

"As noted by the Supreme Court, when seeking relief under Rule 60(b)(6), a movant is required 'to show "extraordinary circumstances" justifying the reopening of a final judgment.'" *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez*, 545 U.S. at 535). While "[s]uch circumstances will rarely occur in the habeas context," *Gonzalez*, 545 U.S. at 535, Pringle believes that the Fifth Circuit's en banc ruling in *Herrold II* qualifies.

But the Fifth Circuit "has held that '[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment' under Rule 60(b)(6)." *Diaz*, 731 F.3d at 375-76 (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990); *citing Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-49 (5th Cir. 1995) ("Changes in decisional law

-4-

based on constitutional principles are not of themselves extraordinary circumstances sufficient to justify Rule 60(b)(6) relief.")). "[T]his rule applies with equal force in habeas proceedings under the Antiterrorism and Effective Death Penalty Act." *Wofford v. United States*, Nos. 3:16-cv-2708-L-BH & 3:11-cr-106-L (12), 2018 WL 3030845, at *2 (N.D. Tex. June 19, 2018) (quoting *Adams*, 679 F.3d at 320).

And, to the extent that the equitable factors outlined in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981), are applicable to a motion brought under Rule 60(b)(6), *see, e.g.*, *Diaz*, 731 F.3d at 376 n.1 (observing "that *Seven Elves* reflects factors most applicable to relief sought under Rule 60(b)(1)-(5), provisions that enumerate specific grounds for relief" (citing *Gonzalez*, 545 U.S. at 535)), those factors weigh against granting relief.

First, an appeal is pending.

More importantly, even if the Court was to throw out its prior reliance on *Uribe*, *Herrold II* does not assist Pringle given the collateral nature of this proceeding. That is, even with the benefit of *Herrold II*, Pringle is still challenging the application of the advisory Guidelines under Section 2255. And, "[u]nlike the [Armed Career Criminal Act], ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017) (concluding, squarely applicable to Pringle's claim, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for

vagueness"); *see also, e.g.*, *Herrod v. United States*, Nos. 4:16cv782 & 4:11cr00176-001, 2017 WL 4076120, at *1 (E.D. Tex. Sept. 14, 2017) ("Since *Beckles* was decided, the Fifth Circuit has repeatedly rejected cases by inmates trying to extend *Johnson* to the Sentencing Guidelines. Moreover, the Fifth Circuit has repeatedly held that the technical application of the United States Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings. The type of claim Herrod is bringing in this case is not cognizable in a § 2255 proceeding." (citations omitted)); *Strecker v. United States*, Nos. 4:17-cv-986-A & 4:15-cr-063-A, 2018 WL 705308, at *3 (N.D. Tex. Feb. 1, 2018) ("The arguments would fail in any event, as the cases upon which movant relies do not support his position. *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis* ... concern convictions under the Armed Career Criminal Act, which played no role in movant's case. Rather, movant is seeking to extend their holdings to application of the sentencing guidelines, but the Supreme Court has made clear that the guidelines are not subject to a vagueness challenge under the Constitution. And challenges to application of the guidelines are not cognizable under [Section] 2255. *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999)." (citation omitted)).

III. Rule 60(b)(3)

Rule 60(b)(3) "allows a court to grant relief from a final judgment because of 'fraud[,] ... misrepresentation, or misconduct by an opposing party,' but a motion made pursuant to 60(b)(3) must be filed within one year of the judgment, at the latest." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (per curiam) (quoting FED. R.

CIV. P. 60(b)(3); citing FED. R. CIV. P. 60(c)(1)). In sum, Pringle claims that the government intentionally misrepresented "the [state-court filings documenting his prior convictions] during the Sentencing Hearing and § 2255 proceedings." Dkt. No. 52 at 9. This, too, does not support relief for Pringle.

First, any challenge under Rule 60(b)(3) to the use of the documents at his criminal sentencing – if even applicable – is not timely.

Regardless, Pringle's allegations have not carried the heavy burden that Rule 60(b)(3) imposes: "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (internal citations omitted); *see also id.* at 1338 ("[I]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b) ... it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960))).

## Recommendation

The Court should deny Movant Michael Pringle's motion under Federal Rule of Civil Procedure 60(b) [Dkt. No. 52].

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE