IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL PRINGLE,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:15-CV-1455-L** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

On August 29, 2918, United States Magistrate Judge David L. Horan entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Petitioner's Motion to Vacate August 22, 2017 Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 52), filed August 28, 2018, for failure to satisfy Rule 60(b)(3) and (b)(6)'s requirements for relief.

Petitioner filed objections to the Report, which were docketed on September 18, 2018. In his Rule 60(b) motion, Petitioner contends that he is entitled to relief, based on his contention that a "change in decisional law can demonstrate extraordinary circumstances when an appeal or remand of the case is still pending"; and his "belief" that the Government "intentionally misrepresented" certain facts to the court regarding the nature of his prior burglary offense and, in doing so, "defrauded" the court. Motion 5, 10 (citation and internal quotation marks omitted). Petitioner continues to take this position in his objections to the Report. He also objects to the magistrate judge's determinations that his motion under Rule 60(b)(3) was untimely and, even if timely, fails

because he has not met his heavy burden of proving by clear and convincing evidence that his judgment was obtained through fraud, misrepresentation, or other misconduct.

After carefully reviewing the Petitioner's motion, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections and **denies** his Motion to Vacate August 22, 2017 Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 52).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 7th day of November, 2018.

Sam A. Lindsay
United States District Judge