IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL PRINGLE,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:15-CV-1455-L** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

# ORDER

On December 18, 2018, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 61) were entered in this habeas case, recommending that the court deny the Petition for Reconsideration of the November 7, 2018 Order Denying Petitioner's Rule 60(b) Motion (Doc. 58). Petitioner filed objections to the Report (Doc. 62) in which he disagrees with the magistrate judge's legal conclusions and determination that his evidence is insufficient to establish that the judgment in his criminal case was obtained through fraud, misrepresentation, or other misconduct by the Government. Petitioner contends that the magistrate judge and this court have yet to consider his sworn statements regarding the Government's misrepresentations and misconduct, which have not been rebutted by the Government.

After carefully reviewing the motion, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. While Petitioner's current objections and prior materials filed by him in this case were sworn to under penalty of perjury, his statements regarding his belief that the judgment

in his criminal case was obtained through fraud, misrepresentation, or other misconduct by the Government's counsel are conclusory and insufficient, *as a matter of law*, to establish that the Government's conduct was fraudulent or improper, or that the judgment entered by the court was obtained through fraud, misrepresentation, or other misconduct by the Government's counsel. In other words, even accepting as true Petitioner's sworn statements, the court determines that the statements do not establish that the Government's conduct was improper or tainted the judgment in this case. The court, therefore, **overrules** Petitioner's objections and **denies** his Petition for Reconsideration of the November 7, 2018 Order Denying Petitioner's Rule 60(b) Motion (Doc. 58).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 14th day of January, 2019.

Sam A. Lindsay
United States District Judge